UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANTHONY ADAMS,

                                      Plaintiff,

     -against-

THE CITY OF NEW YORK, POLICE OFFICER
DANIEL EHRENREICH, shield # 26393, POLICE
OFFICERS JOHN DOES 1 and 2,

                                    Defendants.

**COMPLAINT**

09 Civ. 10434 (RJS)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights violations by the City of New York and three New York City Police Officers. Plaintiff alleges that, on April 2, 2009 in Manhattan, Police Officer Daniel Ehrenreich and two other police officers of the 32nd Precinct falsely arrested him and maliciously prosecuted him in violation of the Fourth Amendment to the United States Constitution. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

4. Plaintiff is a resident of the State of New York, County of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officer Daniel Ehrenreich is a New York City Police Officer who was employed in the 32nd Precinct on April 2, 2009.  Ehrenreich was acting under color of state law and in his capacity as New York City Police Officer on that date.  Officers Ehrenreich is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.  Officer Ehrenreich is sued in his individual capacity.

## STATEMENT OF FACTS

7. On December 17, 2003, plaintiff, a careworker for the disabled, suffered a work-related accident which resulted in a significant injury to his knees.

8. Plaintiff has been receiving treatment for his knee injuries since the accident and doctors have prescribed the pain medication Percocet and its generic equivalent Endocet.

9. On April 2, 2009, plaintiff was living with his family at 108 West 139th Street in Manhattan.

10. On April 2, 2009, in the early morning hours, plaintiff was talking with two friends in front of 126 West 139th Street, which is near plaintiff's residence.

11. At the above time and place, plaintiff was obeying the law and was not acting in a suspicious manner.

12. At the above time and place, Police Officer Daniel Ehrenreich and two other police officers of the 32nd Precinct, who were in an unmarked car and wearing plainclothes, pulled up in front of plaintiff and his friends.

13. The three officers searched the three men without legal justification or consent.

14. While searching plaintiff, Officer Ehrenreich found a prescription bottle of Endocet in plaintiff's jacket pocket.

15. Officer Ehrenreich, referring to the bottle, stated to plaintiff "what's this?"

16. Plaintiff informed Ehrenreich that it was his prescription medication for pain.

17. Although plaintiff had not committed a crime, Officer Ehrenreich arrested plaintiff.

18. The other two officers watched Ehrenreich arrest plaintiff without probable cause, but they failed to intervene to stop the unlawful arrest.

19. Plaintiff was taken to the 32nd Precinct and placed in a cell.

20. While plaintiff was held in the precinct, Officer Ehrenreich, pursuant to a conspiracy with the other two officers to have plaintiff prosecuted, prepared police reports which falsely stated that plaintiff had committed the crime of "Criminal Possession of a Controlled Substance in the Third Degree," a class "A" misdemeanor punishable by up to one year in jail.

21. Several hours later, plaintiff was released from the precinct with a Desk Appearance Ticket directing him to appear in criminal court on May 4, 2009.

22. On or about April 21, 2009, Officer Ehrenreich, pursuant to a conspiracy with the other two officers to have plaintiff prosecuted, falsely stated to a prosecutor for New

York County that plaintiff had committed the crime of "Criminal Possession of a Controlled Substance in the Third Degree" on April 2, 2009.

23. Officer Ehrenreich signed a criminal court complaint which commenced a prosecution against plaintiff.

24. Plaintiff appeared in court on several occasions including May 4, 2009, May 7, 2009, July 16, 2009, August 12, 2009, October 13, 2009, and December 14, 2009.

25. At the December 14, 2009 appearance, the charge against plaintiff was dismissed on the ground that plaintiff was denied a speedy trial.

26. Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty for several hours and suffered emotional distress, mental anguish, fear, anxiety, humiliation, and embarrassment.

## FIRST CLAIM

### (FALSE ARREST)

27. Plaintiff repeats the foregoing allegations.

28. Defendants' arrest of plaintiff, as described herein, was without probable cause and therefore in violation of plaintiff's rights under the Fourth Amendment.

## SECOND CLAIM

### (MALICIOUS PROSECUTION)

29. Plaintiff repeats the foregoing allegations.

30. Defendants are liable under the Fourth Amendment for malicious prosecution because, with ill will and malice, they commenced a bogus prosecution against plaintiff which cause plaintiff to appear in court numerous times until the case was dismissed in plaintiff's favor.

## THIRD CLAIM

## (MONELL CLAIM)

31. Plaintiff repeats the foregoing allegations.

32. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

33. Upon information and belief, the City of New York, at all relevant times, was aware that the officers involved in this case are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

34. Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.  Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

35. In addition, the following are City policies, practices and customs:

(a) arresting innocent individuals, primarily minorities, on the pretext that they trespassed or possessed or sold drugs in order to meet productivity goals;

(b) fabricating evidence against individuals;

(c) using excessive force on individuals;

(d) unlawfully strip searching pre-arraignment detainees;

(e) retaliating against individuals who engage in free speech.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

        b.        Punitive damages in an amount to be determined by a jury;

        c.        Attorney's fees and costs;

        d.        Such other and further relief as this Court may deem just and proper.

DATED:    December 22, 2009
               Brooklyn, New York

/S/
_____
RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391